# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| ANGELA M. ANDRICKS, | * | |
| | * | No. 17-1284V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: January 25, 2022 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * *

Kevin A. Mack, Law Office of Kevin A. Mack, Tiffin, OH, for Petitioner;
Dhairya D. Jani, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 29, 2021, petitioner Angela Andricks moved for final attorneys' fees and costs. She is awarded **$36,011.34.**

\* \* \*

On September 18, 2017, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccination she received on September 21,

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

2016, caused her to suffer a shoulder injury related to vaccine administration. Petition at 1. A fact hearing was held on October 8, 2020, and the undersigned issued his findings of fact on October 14, 2020. Thereafter, the parties engaged in settlement negotiations and on March 30, 2021, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on April 6, 2021. 2021 WL 1626624 (Fed. Cl. Spec. Mstr. Apr. 6, 2021).

On March 29, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $40,560.00 and attorneys' costs of $961.02 for a total request of $41,521.02. Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of her case. Id. On April 1, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

In this case, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work during this period was done outside of the District of Columbia.

Petitioner requests that her attorney, Mr. Kevin Mack, be compensated at $325.00 per hour for all work performed in this case, from 2016 to 2021. This rate is consistent with what Mr. Mack has previously been awarded for his Vaccine Program work from 2019 to 2021. See Borris v. Sec'y of Health & Human Servs., No. 18-1518V, 2021 WL 4125149, at *2 (Fed. Cl. Spec. Mstr. Aug. 6, 2021). However, it exceeds what he has previously been awarded (and billed at) for time in 2016-2018. Id. (awarding Mr. Mack $295.00 per hour for work in 2016-2018); see also Mayle v. Sec'y of Health & Human Servs., No. 17-1221V, 2019 WL 1149787, at *2 (Fed. Cl. Spec. Mstr. Feb. 28, 2019) (same); Simmers v. Sec'y of Health & Human Servs., No. 16-711V, 2017 WL 1653417 (Fed. Cl. Spec. Mstr. Apr. 7, 2017).

Accordingly, the undersigned finds it reasonable to compensate the time Mr. Mack billed in 2016-2018 at $295.00 per hour. This results in a reduction of $1,615.50.[2]

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

---

[2] ($325.00 per hour requested - $295.00 per hour awarded) * 53.85 hours billed from 2016-2018 = $1,615.50.

3

The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned notes that there are several issues. As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011). In the instant case, almost all of the billing entries concerning communication do not contain any indication of the topic of that communication, making it difficult for the undersigned to determine whether such communication was necessary and reasonable. This would have been particularly useful here because the amount of time billed overall for communication seems on the high side, with many e-mails and phone calls being billed for at least a quarter of an hour. In the undersigned's experience, most communications can be completed half of much time. Perhaps the time billed is high because each entry reflects an entire day's worth of communication or because the topic was complex, but based upon the record, that cannot be definitely determined.

Additionally, other entries are so vague as to be unreasonable on their face. An entry on June 22, 2018, billed for 0.5 hours simply reads "Angela Andricks." Fees App. at 5. Entries on February 15, 2019 read "to Rite Aid", "Rite Aid", and "time". Id. at 6. Another entry on February 18 simply reads "of Identity." Id. These are merely examples of this issue and not an exhaustive list of all such instances of unreasonably vague entries. Finally, a small amount of time was billed on clerical tasks, such as filing documents.

Taken as a whole, the undersigned finds that a ten percent overall reduction to the attorneys' is reasonable in order to achieve "rough justice." See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). Accordingly, petitioner is awarded final attorneys' fees of $35,050.32.

4

### C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $961.02 in costs. This amount is comprised of Acquiring medical records, the Court's filing fee, postage, and photocopies. Petitioner has provided adequate documentation to support the requested costs, and all appear reasonable in the undersigned's experience. Petitioner is therefore awarded the full amount of costs requested.

### D. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$36,011.34** (representing $35,050.32 in attorneys' fees and $961.02 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and her attorney, Mr. Kevin Mack.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.